**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-cr-60181-ALTMAN**

**UNITED STATES OF AMERICA,**

v.

**ROGER BROWN, III**,

    *Defendant*.

_____/

**ORDER DENYING SECOND MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE**

On October 1, 2019, our Defendant, Roger Brown, III, pled guilty to one count of possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). *See* Paperless Minute Entry for Change of Plea Hearing [ECF No. 19]; *see also* Superseding Information [ECF No. 18] at 1. We sentenced him that December to 46 months in prison—to be followed by three years of supervised release. *See* Judgment in a Criminal Case [ECF No. 38] at 1–3. He was released from prison in November 2022, *see* First Motion for Early Termination of Supervised Release [ECF No. 50] at 1, and has been serving the remainder of his supervised-release term. He moved for early termination of supervised release in July 2024, arguing that he'd "been on supervised release without incident" for months and that the 18 U.S.C. § 3553(a) sentencing factors weighed in favor of his release. *See id.* at 1–3. We denied that motion, explaining that we couldn't terminate Brown's supervised release "based solely on [his] compliance with the terms of his supervision" because that compliance is "merely what is expected of all people serving terms of supervised release." Order Denying Motion [ECF No. 52] at 2 (quoting *Karacsonyi v. United States*, 1998 WL 401273, at *1 (2d Cir. June 10, 1998)).

With around five months to go, Brown has filed a *Second* Motion for Early Termination of Supervised Release [ECF No. 53]. This second motion is nearly identical to its predecessor. In it, Brown argues again that we should terminate his supervised release because he's "fully complied with

all conditions imposed by this Court," avoided "any violations, arrests, or incidents," and "maintained steady and gainful employment," Mot. at 2, and that "[t]he § 3553(a) [f]actors [s]upport [e]arly [t]ermination," *id.* at 2–3. He also raises a new argument: that certain proposed changes to the United States Sentencing Guidelines somehow justify the relief he seeks. *Id.* at 2. The Government opposes the Motion. *See* Government's Response [ECF No. 55]. Brown didn't file a reply. *See generally* Docket. After careful review, we **DENY** the Motion.

## THE LAW

Once a defendant has served "one year of supervised release," we may "terminate [his remaining] term of supervised release" "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[.]" 18 U.S.C. § 3583(e)(1). Our "decision on [a] § 3583(e) motion [is] a matter of discretion[.]" *United States v. Peters*, 856 F. App'x 230, 235 (11th Cir. 2021); *see also United States v. Perry*, 397 F. App'x 521, 522 (11th Cir. 2010) (per curiam) ("We review cases involving modification of supervised release under § 3583(e) for abuse of discretion."). Although our decision "must indicate that [we] considered the [specified § 3553(a)(1)] factors," *United States v. Johnson*, 877 F.3d 993, 998 (11th Cir. 2017) (collecting cases), we "need not articulate the applicability of each factor," *id.* at 997 (citing *United States v. Douglas*, 576 F.3d 1216, 1219 (11th Cir. 2009) (cleaned up)).

## ANALYSIS

We've considered the Defendant's Motion, the Government's Response, the Defendant's history and characteristics, and his conduct while on supervised release, and we find that the § 3553(a) factors specified by § 3583(e) counsel against early termination. As we explained at the Defendant's sentencing, Brown's § 922(g) violation is "very serious" and is made more serious by his extensive criminal record and his "repeated instances of probation violations." Rough Tr. of Dec. 18, 2019, Sentencing Hearing at 26:4–19. Those probation violations, we observed, "demonstrated time and

time again, that [the Defendant] ha[d] not learned the lessons" that his past sentences "ha[d] been trying to impart." *Id.* at 28:4–10. His "checkered past[,] particularly with his repeated violations of probation," made us doubt his ability to "pay[ ] back the level of trust that other judges have [ ] given him." *Id.* at 28:10–16. Nevertheless, we credited his "willingness to be cooperative with law enforcement," *id.* at 27:8–13, as well as his "capacity and willingness to become a productive member of our society," *id.* at 26:20–25, and ultimately reduced his offense level accordingly. Our § 3553(a)(1) analysis remains the same today: The Defendant's crime was serious, his criminal record is extensive, and his probation violations remain troubling.

The Defendant's contrary arguments are unavailing. With respect to the nature of his offense, Brown says only that he's "taken full responsibility for his actions and [ ] shown remorse." Mot. at 2. And he claims—falsely—that he has "no prior criminal history." *Ibid.* Both arguments miss the point. That he's taken responsibility for his actions doesn't affect the seriousness of his offense. Likewise, his misstatement about his criminal history offers us no reason to conclude that § 3553(a)(1) favors early termination.

The Defendant's arguments on § 3553(a)(2)(B)–(C)—which pertain, respectively, to deterring criminal conduct and protecting the public—are similarly unpersuasive. He offers that his "conduct over the past two years demonstrates that he poses no risk to public safety and that further supervision is unnecessary to deter future misconduct." *Ibid.* But we imposed his sentence "to provide specific deterrence to [the Defendant]" given his repeated probation violations. Hr'g Tr. at 28:10–16. When a Defendant's "criminal history strongly suggests that [ ]he doesn't obey the law, that [ ]he doesn't respect the law, and that there's very little any judge . . . can do to stop [him] from continuing to break the law," supervised release is one of the best "way[s] to deter [him] (and others like [him]) from committing future crimes." *United States v. Spivey*, 2022 WL 1450035, at *7 (S.D. Fla. May 9, 2022) (Altman, J.); *see also United States v. Boyd*, 606 F. App'x 953, 961 (11th Cir. 2015) (affirming denial of

3

early-termination motion partly because the "[d]efendant's criminal history shows that he had previously committed three offenses while on parole, and had his probation revoked on another occasion for a technical violation").

The Defendant's last argument is his weakest. According to him, he's entitled to early termination because certain amendments to the Sentencing Guidelines, "set to take effect in November 2025," "would allow individuals on supervised release to apply for early termination after completing just one year of supervision." Mot. at 2. We agree with the Government that the Defendant is most likely referring to "the proposed addition of a new policy statement at USSG § 5D1.4 addressing a court's authority to extend or terminate a term of supervised release." Resp. at 2. According to that amendment's synopsis, the new policy statement "would encourage a court, as soon as practicable after a defendant's release from imprisonment, to conduct an individualized assessment to determine whether it is warranted to modify, reduce, or enlarge the conditions of supervised release." U.S. Sent'g Guidelines Proposed Amendment: Supervised Release, Synopsis § 1(A) (U.S. Sent'g Comm'n Jan. 24, 2025), https://www.ussc.gov/sites/default/files/pdf/amendment-%E2%80%8Cprocess/reader-friendly-amendments/20250130_rf-proposed.pdf. It would also "encourage a court to terminate the remaining term of supervision and discharge the defendant if the court determines, following consultation with the government and the probation officer, that the termination is warranted by the conduct of the defendant and the interest of justice." *Ibid.*

We'll liberally construe the Defendant's reference to the proposed amendment as an argument that § 3553(a)(5) favors early termination. That factor allows us to consider "any pertinent policy statement issued by the Sentencing Commission . . . subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be [formally] incorporated by the Sentencing Commission . . . )," § 3553(a)(5)(A)—but only if the policy statement "is in effect on the date the defendant is sentenced," § 3553(a)(5)(B). The Defendant's argument

4

immediately encounters two obvious problems. *First*, proposed amendments don't apply to the Defendant because they weren't "in effect on the date the defendant [was] sentenced." *Second*, § 3583(e)(1) *already* allows defendants to apply for early termination of supervised release "after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1). In other words, we *already* analyze whether the Defendant's conduct and the interests of justice warrant early termination. The proposed amendment therefore doesn't help the Defendant at all.

The Defendant offers no argument on the remaining factors: § 3553(a)(2)(D) (the need to effectively provide the defendant with needed training or medical care); § 3553(a)(4) (the kind of sentence imposed on the applicable category of the offense); § 3553(a)(6) (the need to avoid unwarranted sentence disparities); or § 3553(a)(7) (the need to provide restitution). None of these factors affect our assessment of the Motion, though. Indeed, except for § 3553(a)(6) (sentencing disparities), which we addressed at the Defendant's sentencing hearing, these factors are not even relevant to the Defendant's case. In addressing the issue of sentencing disparities at the Defendant's sentencing hearing, we noted that the Defendant had "made a totally unnecessary admission that [ ] resulted in a . . . 300 percent increase in the low end of his advisory guideline range." Hr'g Tr. at 27:4–15. To avoid disparities between the Defendant and the "many defendants out there, presumably who decided to stonewall the police," we reduced his offense level somewhat significantly *Id.* at 27:16–28:22. The Motion doesn't explain why or how early termination of the Defendant's supervised release would *further* avoid any unwarranted disparities—presumably because it wouldn't.

The principal thrust of the Motion seems to be the Defendant's contention that he needn't serve out his entire supervised-release term because he's "demonstrated exemplary conduct, maintained gainful employment, and reintegrated into society as a productive and law-abiding citizen." *Id.* at 1. But the Defendant doesn't so much as suggest that anything about his conduct is "exemplary"; all he's saying is that he's complied with the conditions of his supervised release. That's simply not

5

enough because, as we've said many times, "being a productive member of society and exhibiting good behavior is what is expected of every individual, especially those who have been convicted of a criminal offense and are currently serving a term of supervised release." *United States v. West*, 2011 WL 1458723, at *1 (M.D. Ga. Apr. 15, 2011) (denying motion for early termination of supervised release).[1] And, as the Government notes, the Defendant doesn't argue "that the terms of his supervised release are onerous, or that his circumstances are exceptional or extraordinary." Resp. at 1–2.

That's not to say that we'd terminate the Defendant's supervised release *only* if he showed exemplary conduct, or exceptional circumstances, or onerous conditions, or any combination of these factors. Section 3583(e)(1) commands us to consider specific § 3553(a) factors—and nothing else. The text of "§ 3583(e)(1) does not *require* a finding of exceptionally good behavior before a district court may grant a motion for early termination of supervised release[.]" *United States v. Hale*, 127 F.4th 638, 642 (6th Cir. 2025) (emphasis added); *see also United States v. Harris*, 258 F. Supp. 3d 137, 149–50 (D.D.C. 2017) ("[C]onstruing § 3583(e)(1) to require the defendant to exhibit objectively extraordinary or unusual conduct during supervision is a stretch not expressed in the statutory text."). Likewise, although "[m]odification is *available* for changed conditions, [ ] changed conditions are not *required* for the court to modify the conditions." 3 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL

---

[1] *See also United States v. Freeman*, 2023 WL 7036343, at *6 (S.D. Fla. Oct. 26, 2023) (Lenard, J.) ("agree[ing] with the Government that Defendant's compliance with the terms of supervised release is not enough"); *United States v. Longerbeam*, 199 F. Supp. 3d 1, 3 (D.D.C. 2016) ("[W]hile the Court commends defendant for his law-abiding conduct and personal successes, such activities are expected of a person on supervised release and do not amount to exceptionally good behavior or something of an unusual or extraordinary nature in addition to full compliance[.]" (cleaned up)); *United States v. Reisner*, 2008 WL 3896010, at *1 (N.D. Fla. Aug. 20, 2008) (Mickle, J.) ("Although [the defendant] has complied with all the terms of her release, [she] has not cited facts that demonstrate exceptionally good behavior or other extraordinary circumstances sufficient to warrant early termination of her supervised release[.]" (citing *Karacsonyi*, 1998 WL 401273, at *1)); *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) (affirming denial of motion for early termination of supervised release and noting that "mere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination under 18 U.S.C. § 3583(e)"); *United States v. Butler*, 2023 WL 6552878, at *2 (6th Cir. June 14, 2023) (noting that compliance "is expected of an individual on supervised release" (citing *Taylor*, 729 F. App'x at 475)).

PRACTICE AND PROCEDURE (CRIMINAL) § 564 (5th ed. 2025) (emphasis added). All we're doing is observing that some showing of exemplary conduct or onerous conditions might permit us to balance the specified § 3553(a) factors such that we can terminate the Defendant's supervised release. Without any such showing, though, the Defendant is asking us to reduce his term of supervised release simply because he's served part of it. Even accepting that his conduct has been "apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule." *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998); *accord United States v. Cintron*, 2024 WL 470418, at *3 (11th Cir. Feb. 7, 2024) (affirming denial of early-termination motion where the defendant's "[sole] justification . . . [was] that he had successfully completed a substantial portion of his five-year supervised release term").

One last thing: the Defendant seems to have used ChatGPT or some other generative AI assistant to draft the Motion. The various sections are set off with the hash marks and asterisks that are characteristic of ChatGPT formatting. And the only two cases he cites—"United States v. Liriano, 70 F.3d 79 (1st Cir. 1995)," and "United States v. Hardin, 2018 WL 3659342 (S.D. Fla. 2018)"—seem to have been "hallucinated" by the machine. Mot. at 3. There *is* a *Liriano* decision, but it's a Southern District of New York case from 2021 granting a *pro se* defendant's motion for compassionate release. *See United States v. Liriano*, 2021 WL 1721817, at *2 (S.D.N.Y. Apr. 30, 2021). And, while there *is* a *Hardin* decision, it also doesn't pertain in any way to the Defendant's Motion. *See United States v. Hardin*, 2023 WL 3961421, at *2 (11th Cir. June 13, 2023) (holding, on appeal from the Middle District of Florida, that there was no plain error where the district court imposed a 480-month sentence for attempted production and possession of child pornography). We won't penalize the Defendant for submitting fictitious cases this time, but he may not continue to do so in the future.

*     *     *

7

Accordingly, we **ORDER and ADJUDGE** that the Defendant's Second Motion for Early Termination of Supervised Release [ECF No. 53] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on June 23, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record
      Roger Brown, III, *pro se*